4'73



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney, Titus County
Mount Pleasant, Texas

Dear Sir:

Opinion No. O-6704

Re: Stock law elections -
(1) Where two separate petitions
requesting an election to be called
for the purpose of preventing dif-
ferent types of livestock from run-
ning at large, can the Commissioners'
Court order one election to deter-
mine the whole matter?
(2) May publication for such an
election be made in a weekly news-
paper of the county for the re-
quired thirty (30) days?

Responding to your request that the questions stated
above as given in your letter of recent date be answered by
telegram, we sent you the following wire on July 16, 1945:

"RE OPINION O-6704. STOCK LAW ELECTIONS MAY
BE LEGALLY HELD THROUGH ONE SET OF ELECTION OFFICERS
CONDUCTING BOTH ELECTIONS. READ AND FOLLOW SCURLOCK
V. WINGATE, 283 S. W. 307, ALSO LYLES V. MEYER, 293
S. W. 295. ON PUBLICATION WEEKLY PAPER READ AND FOL-
LOW CUNNINGHAM V. STATE 44 S. W. 2d 739. MAY BE DONE IF
PUBLISHED REQUIRED LENGTH OF TIME."

Provisions for local option stock law elections under
the laws of this state are contained in chapters 5 and 6 of Title
121, of the Revised Civil Statutes of Texas. Article 6930 and
subsequent articles in chapter 5 contain the applicable law with
reference to holding such elections to prohibit the running at
large of hogs, sheep or goats, while Article 6954 and following
articles in chapter 6 relate to such prohibition as to horses, mules,
jacks, jennets and cattle. With reference to the first class-
ification, the petition for a county-wide election must be
signed by "fifty freeholders" of the county; as to the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. W. Vance - page 2

second, the petition must be signed by "one hundred (100) free-holders." For sub-divisions of the county a different number of petitioners are required to institute the election.

With reference to your first question, the case of Sourlook v. Wingate (Tex. Civ. App., Beaumont) 283 S. W. 307, contains the following statement:

"The court further found that the election was 'so irregular in the manner of holding and conducting the same as to render the result thereof difficult, if not doubtful, of ascertainment and that same is and should be declared illegal and void.' Just what matters and things connected with the holding of said election the court deemed 'irregular in the manner of holding and conducting the same' we are notadvised, but we think it may be fairly implied from his findings of fact (1) that one set of election officers conducted and held the two elections at the same time and place; and (2) that only one form of ballot was used for the two elections, were regarded as irregularities and formed the basis of the court's holding. It is shown that the order for the election appointed the same person to hold each election, and that two ballotboxes were provided and used in which to deposit the ballot. The ballots voted in determining whether horses, etc., and those voted to determine whether hogs, etc., should be permitted to run at large, were deposited in separate boxes - not in any manner mixed - were counted separately, and placed in separate return envelopes, and each identified and pointed out upon the trial. It is not contended that any confusion arose in the matter, nor is there any dispute as to the correct tabulation and report of the vote. The ballot used, it is true, was in form the same for each election, but the statutes, Article 7218, prescribing the form of the ballot to be used in voting to determine whether hogs, sheep, and goats should be permitted to run at large, and article 7245, prescribing the form of the ballot to be used in voting to determine whether or not horses, mules, jacks, jennets, and cattle should be permitted to run at large, each prescribes that -

"'Voters desiring to prevent the animals designated in the order from running at large shall place upon their ballots the words, "For the stock law", and those in favor of allowing such animals to run at large shall place upon their ballots the words,

Honorable L. W. Vance - page 3

"Against the stock law.""

"The court found that these words were on all
the ballots. So the ballots complied with the law.
The undisputed facts do not support the court's
holding that from the manner of holding and con-
ducting the election the result was difficult or
doubtful of ascertainment."

It will be noted that the articles of the statute
referred to in the court's opinion carry the number of the 1911
revision of the statute; they were brought forward in the 1925
revision unchanged, as Articles 6935 and 6960, Revised Civil
Statutes. In the case of Lyles v. Meyer (Tex. Civ. App., San
Antonio) 293 S. W. 295, the court said:

"The provisions as to preventing hogs, sheep,
and goats from running at large are contained in
chapter 5, while those applying to horses, mules,
jacks, jennets, and cattle are set forth in chapter
6 of the Stock Law. In most respects they contain
the same requirements, and in Article 6943 of Chapter
5 injury to trespassing horses, mules, jennets, jacks,
and cattle are legislated against; hogs, sheep and
goats not being mentioned. Article 6944 returns to
the latter animals. Chapter 5 requires a petition
of 20 freeholders to obtain an election in a sub-
division of a county while chapter 6 requires 50
freeholders. The two chapters were enacted at
different times. We see no reason why the two elec-
tions provided for could not be combined so as to
permit the freeholders to express their desires as
to all classes of stock mentioned in the two chapters."

In view of the excerpts above quoted, it is our opinion
that your first question should be, and it is answered in the
affirmative. It should be noted, however, that in the first
case cited and quoted the court took care to point out that
there were two separate ballots with the ballots on the dif-
ferent issues having been deposited in separate boxes, thus
making clear and certain the result as to the two distinct

elections being held by the same election officials at the same time. In your case, therefore, these holding the elections should exercise care to avoid error or confusion.

With reference to your second question, the following is taken from the case of Cunningham v. State, 119 Tex. Cr. R. 572, 44 S. W. 2d 739:

"Our construction of the statute under consideration (Art. 6959, R. C. S. 1925) will not permit us to sustain the contention of the state that one publication of the notice meets the demand of the law. In adopting the construction of the judicial precedents to which reference has been made, it must be held that the meaning of the statute is that the notice shall be published during at least thirty days before the day of election. Stated in a different way, the notice must be first published at least thirty days prior to the election, and continued in each successive issue of the paper up to the day of the election. The fact that the great majority of counties in this state have no daily paper would indicate that it was not the intention of the Legislature to require publication in a daily paper. A weekly paper, in our opinion, would answer the requirement of the statute, but the publication must continue in each successive issue of the paper during at least thirty days before the day of election. * * *"

(Emphasis and parenthetical expression ours)

We therefore advise you, in answer to your second question, that publication in a weekly paper is sufficient, provided the same is continued for the required length of time. Articles 6934 and 6959 of the Revised Civil Statutes prescribe the terms and conditions of publication necessary, and are substantially in the identical language. The holding of the court in the Cunningham case therefore answers your question.

Trusting that the above is satisfactory, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN